UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Juan TZY TAUTIU; Alejandro VERA ANGEL,

                         Petitioners,

          -against-

Kenneth GENALO, in his official capacity as Field
Office Director of New York, Immigration and
Customs Enforcement; Kristi NOEM in her official
capacity as Secretary of Homeland Security; Pam
BONDI, in her official capacity as Attorney
General,

                         Respondents.

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  2/13/2026 |

26 Civ. 1180 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Petitioners' application for a writ of habeas corpus under 28 U.S.C. § 2241.  *See* Pet., ECF No. 1.  Accordingly, the Court ORDERS as follows:

1. By **February 17, 2026,** Respondents shall file a letter with the following information:
   a. The statutory provision(s) under which Respondents assert the authority to detain Petitioners;
   b. Whether there is any basis to distinguish this case from *Cuy Comes v. DeLeon*, No. 25 Civ. 9283 (AT), 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025); *Perez Velasquez v. Noem*, No. 25 Civ. 10338 (AT), 2025 WL 3707526 (S.D.N.Y. Dec. 22, 2025); and *Galvez Galvez v. Francis*, No. 26 Civ. 161 (AT), 2026 WL 84493 (Jan. 12, 2026);
   c. Whether, if there is no basis to distinguish the aforementioned cases, Respondents consent to issuance of the writ and/or waive the right to answer, subject to preservation of Respondents' arguments for appeal; and
   d. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.
2. By **February 17, 2026**, Respondents shall also confirm that Petitioners remain detained within this District, the Eastern District of New York, or the District of New Jersey, in compliance with this Court's prior administrative stay order.  *See* ECF No. 3.
3. By **February 19, 2026,** Respondents shall file an answer to the Petition.

Additionally, the Court severs Petitioner Alejandro Vera Angel and his claims from this action. *See* Fed. R. Civ. P. 21.  Upon review of the Petition, ECF No. 1, the Court finds that Vera Angel is improperly joined as a Petitioner, because Vera Angel's claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as Tzy Tautiu.  Fed. R. Civ. P. 20(a)(1)(A).  Although the facts surrounding the Petitioners' detentions may be similar, *see* Pet. ¶ 16, the detentions themselves are separate occurrences.  The Petition alleges that the detentions occurred at similar times and around the same location, but does not allege that the detentions are part of the same "series" of transactions or occurrences.  *See id.*

Accordingly, the Clerk of Court is respectfully directed to: (1) open a new civil action for Petitioner Alejandro Vera Angel and his severed claims against all Respondents named in this action; and (2) file copies of the Petition, ECF No. 1., civil cover sheet, ECF No. 2., administrative stay, ECF No. 3, and this order in the new action. The Court shall thereafter direct Petitioner Vera Angel to pay the filing fee in the new action.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

SO ORDERED.

Dated: February 13, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge

2